UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GIOVANNI DI SIMONE, Individually and
on Behalf of All Others Similarly Situated,

                     Plaintiff,

-against-                                  **13 Civ. 05088(JG)(VVP)**

CN PLUMBING, INC., PEN
ENTERPRISES, INC., CALOGERO
NOTO, ESTHER ETTEDGUI AND PHILIP
ETTEDGUI, Jointly and Severally,

                     Defendants.
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS THE AMENDED COMPLAINT
## SUBMITTED BY DEFENDANTS PEN ENTERPRISES, INC.,
## ESTHER ETTEDGUI AND PHILIP ETTEDGUI

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

FACTS ...............................................................................................................2

ARGUMENT ......................................................................................................8

POINT I ..............................................................................................................8
THE AMENDED COMPLAINT SHOULD BE REJECTED AS IT IS
BOTH INCONSISTENT WITH THE ORIGINAL COMPLAINT AND
INTERNALLY INCONSISTENT................................................................8

POINT II .............................................................................................................11
THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE FLSA
OR LABOR LAW ...................................................................................11

POINT III ............................................................................................................15
THE COMPLAINT FAILS TO PROPERLY PLEAD A BREACH OF
CONTRACT CLAIM ...............................................................................15

POINT IV ...........................................................................................................17
THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST
ENRICHMENT OR QUANTUM MERIUT .................................................17

POINT V ............................................................................................................18
STATE LAW PREDOMINATES OVER THE FEDERAL CLAIMS ...........18

CONCLUSION....................................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Aetna Cas.. & Sur. Co. v. Aniero Concrete Co., Inc.,
  404 F.3d 566 (2d Cir. 2005) .................................................................11

Boutros v. JTC Painting and Decorating
  2013 U.S. Dist. LEXIS 148323 (S.D.N.Y. 2013) ...............................12

Carver v. Nassau Cnty. Interim Fin. Auth.,
  730 F.3d 150 (2d Cir. 2013) .................................................................18

Ciamara Corp. v. Widealab
  2013 U.S. Dist. LEXIS 171703 (S.D.N.Y. 2013) ...............................17

Colliton v. Cravath, Swaine & Moore LLP,
  2008 U.S. Dist. LEXIS 74388 (S.D.N.Y. 2008) ...................................9

Cromwell v. NYC Health & Hosp. Corp.,
  2013 U.S. Dist. LEXIS 69414 (S.D.N.Y. 2013) .............................12, 13

Dejesus v. HF Mgmt. Servs. LLC,
  726 F.3d 85 (2d Cir. 2013) .......................................................4, 13, 15

Diesel Props S.R.L. v. Greystone Bus. Credit II LLC,
  631 F.3d 42 (2d Cir. 2011) ...................................................................17

Igene v. Miracle Security,
  2013 U.S. Dist. LEXIS 143015 (E.D.N.Y. 2013) .........................5, 18, 19

Kilkenny v. Law Office of Cushner & Garvey, L.L.P.,
  2012 WL 1638326 (S.D.N.Y. 2012) ......................................................9

Krzykowski v. Town of Coeymans,
  2008 WL 5113784 (N.D.N.Y. Nov. 25, 2008) ......................................15

Lopez v. Acme American Environmental,
  2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. 2012) ...............................16

Lundy v. Catholic Health Sys. of Long Island Inc.,
  711 F.3d 106 (2d Cir. 2013) .......................................................4, 12, 13, 15

Mid-Hudson Catskill Ministry v. Fine Host,
  418 F.3d 168 (2d Cir. 2005) .................................................................17

108679.1 2/27/2014

Nakahata v. New York-Presbyterian Health Sys. Inc.,
    723 F.3d 192 (2d Cir. 2013) ................................................................ 4, 13

National Western Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith,
    Inc.,
    175 F. Supp. 2d 489 (S.D.N.Y 2000) .................................................... 11

Oram v. Soulcycle,
    No. 13 Civ. 2976, 2013 WL 5797346 (S.D. N.Y. Oct. 28, 2013) .............. 15

Price v. Socialist People's Libyan Arab Jamahiriya,
    389 F.3d 192 (D.C. Cir. 2004) ................................................................ 9

Rieger v. Drabinsky (In re Livent, Inc.),
    151 F. Supp. 2d 371 (S.D.N.Y. 2001) ..................................................... 10

Roseville Employees' Retirement v. Energysolutions,
    2011 WL 4527328 (S.D.N.Y. 2011) ....................................................... 10

Sedona Corp. v. Ladenburg Thalman & Co, Inc.,
    2011 WL 4348138 (S.D.N.Y. 2011) ....................................................... 16

State of Cal. Pub. Emps. Ret. Sys. v. Shearman & Sterling,
    95 N.Y.2d 427 (1983) ........................................................................... 16

United Mine Workers of Am. v. Gibbs,
    383 U.S. 715, 86 S.Ct. 1130 (1966) ....................................................... 15

Walz v. 44 & X,
    2012 U.S. Dist. LEXIS 161382 (S.D.N.Y. 2012) ...................................... 12

Williams v. Black Entm't TV,
    2014 U.S. Dist. LEXIS 19097 (E.D.N.Y. 2014) .......................................... 9

**Statutes**

Fair Labor Standards Act, 29 U.S.C. §201 et seq. ................................. *passim*

New York Labor Law .......................................................................... *passim*

**Other Authorities**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................ 1

Rule 8(e)(2) of the Federal Rules of Civil Procedure ................................. 11

108679.1 2/27/2014

## PRELIMINARY STATEMENT

Defendants Pen Enterprises, Inc., Esther Ettedgui and Philip Ettedgui (collectively the "Pen Enterprises Defendants") submit this memorandum of law in support of their motion to dismiss the Amended Collective Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff Giovanni Di Simone ("Plaintiff") alleges that his employer, CN Plumbing, Inc. ("CN Plumbing") and its owner Calogero Noto failed to pay him the appropriate prevailing wages for work he performed.  Plaintiff also seeks to impose liability on the other Defendants — Pen Enterprises, Inc., (the general contractor for certain work awarded to CN Plumbing), Philip Ettedgui, (President of Pen Enterprises) and Esther Ettedgui (Philip's mother) — based on a breach of contract theory. That is, Plaintiff alleges that he is a third party beneficiary to certain unidentified prevailing wage contracts and that the Pen Enterprises Defendants are responsible for payments to him if his employer, CN Plumbing, fails to pay his proper wages.  Claims for *quantum meriut* and unjust enrichment are also asserted.  While these are strictly state law issues, Plaintiff has also alleged that he was not properly paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and New York Labor Law.  State law claims for illegal kickbacks are also asserted.

The Pen Enterprises Defendants maintain that dismissal is warranted because:

1.      Plaintiff has submitted an amended complaint that blatantly contradicts the allegations of the original complaint.

2.      In any case, the amended complaint still fails to adequately plead a violation of the FLSA.

3.      The state law claims asserted fail to state a claim.

4.      State law issues predominate federal claims and therefore this case properly belongs in state court.

## FACTS

**A. Plaintiff's Original Complaint**

**1. Background**

On or about September 12, 2013 the Plaintiff filed his original complaint alleging claims for breach of contract, unjust enrichment, *quantum meruit* and violations of the FLSA and New York Labor Law.  Claims against his employer, CN Plumbing, and the general contractor, Pen Enterprises, were asserted.  According to the original complaint, Plaintiff worked as a mechanical sprinkler plumber/steamfitter (Complaint ¶ 1) during the period August 15, 2005 – March 26, 2013 (Complaint ¶ 26).

CN Plumbing is in the business of installing and repairing sprinkler systems and boilers for commercial and residential buildings.  (Complaint ¶ 18).  Pen Enterprises is a commercial contractor that has worked on numerous governmental projects. (Complaint ¶ 19).

Plaintiff alleges that CN Plumbing entered into a number of New York City Public Works contracts as a subcontractor for Pen Enterprises, the prime contractor. (Complaint ¶ 21).   Plaintiff further alleges that the contracts required that the Defendants pay and ensure payment of prevailing wage rates of wages and supplements. (Complaint ¶ 22). Plaintiff alleges that upon information and belief a schedule of prevailing wages should have been attached to the contracts. (Complaint ¶

2

23). Plaintiff claims that he is a beneficiary to these contracts. (Complaint ¶¶ 24). No specific contract is attached to or identified in Plaintiff's original complaint.

Plaintiff alleges that CN Plumbing has not paid all the wages due him as required by the various prevailing wage schedules and was not paid overtime pay in violation of the FLSA and New York Labor Law. (Complaint ¶ 25).

### 2. Plaintiff's Allegations of Overtime Violations

In his initial <u>original</u> complaint, Plaintiff alleged:

> 27.   <u>Throughout the Di Simone Employment Period, Di Simone typically worked Monday to Friday, approximately eight (8) hours each day, for a total of approximately forty (40) hours per week. On occasions however, Defendants required Di Simone to work up to approximately fifty (50) hours per week.</u> Despite the fact that Di Simone occasionally worked more than forty (40) hours in a given week, Di Simone was always paid at his regular hourly rate for all hours worked beyond forty (40). During the weeks in which Di Simone did not get paid overtime premiums for working more than 40 hours, Defendants also frequently failed to pay Di Simone for between approximately two and three (2 — 3) hours per week.

(Complaint ¶ 24 (emphasis added)).

In Paragraph 29 of the original complaint Plaintiff alleged that in 2008, while working on the Bellevue Hospital project:

> Di Simone <u>typically worked</u> Monday through Friday, approximately eight (8) hours per day, for a total of approximately forty (40) hours per week.

(Complaint ¶ 29 (emphasis added)).

In Paragraph 30 Plaintiff alleged that while working at the Kings County Supreme Court in 2010 he:

3

<u>typically worked</u> Monday through Friday, approximately eight
(8) hours per day, for a total of approximately forty (40)
hours per week.

(Complaint ¶ 30 (emphasis added)).

In Paragraph 31 Plaintiff alleged that while working at the Callen–Lorde project in

2011 he:

<u>typically worked</u> Monday through Friday, between
approximately forty and forty-five (40-45) hours per week.
During this time, Di Simone was sometimes required to work
weekends as well.

(Complaint ¶ 31 (emphasis added)).

Plaintiff claimed he was not paid overtime in accordance with the FLSA or

applicable prevailing wage law rates during this time period. (Complaint ¶ 33).

Plaintiff also alleged a kickback scheme in which CN Plumbing purportedly paid

him the correct amount of wages as required by the prevailing wage law but thereafter

he was then required to return to CN Plumbing a portion of those wages. (Complaint ¶

34). Plaintiff seeks to hold Pen Enterprises responsible for these amounts as well.

### 3. Defendant's January 14, 2014 Request to File a Motion to Dismiss

On January 14, 2014, the Pen Enterprises Defendants, through counsel, wrote to

the Court requesting permission to file a motion to dismiss the complaint. <u>See</u> ECF

Docket No. 12. They maintained that the FLSA claim was not pled with required

specificity as set forth in several decisions issued by the United States Court of Appeals

for the Second Circuit. <u>See</u> <u>Lundy v. Catholic Health Sys. of Long Island Inc.</u>, 711 F.3d

106, 114 (2d Cir. 2013), <u>Nakahata v. New York-Presbyterian Health Sys. Inc.</u>, 723 F.3d

192 (2d Cir. 2013), and <u>Dejesus v. HF Mgmt. Servs. LLC</u>, 726 F.3d 85, 88 (2d Cir.

2013).   They also asserted that Plaintiff's state law claims predominated over the

108679.1 2/27/2014

federal claims and therefore the case should be dismissed on this basis as well. <u>See</u>
<u>Igene v. Miracle Security</u>, 2013 U.S. Dist. LEXIS 143015 (E.D.N.Y. 2013).

### 4.  January 30, 2014 Conference

At a conference held before the Court on January 30, 2014, counsel for the
Plaintiff stated that he would amend the complaint in repsonse to the issues raised by
the Defendants in their January 14, 2014 letter.  <u>See</u> ECF entry on January 30, 2014.
Plaintiff filed his amended complaint on February 7, 2014.  (<u>See</u> ECF Document No.
15).

### B.  Plaintiff's Amended Complaint

The amended complaint adds a number of additional allegations relating to
Plaintiff's claims for overtime. Most significant is the following allegation contained in
Paragraph 27 of the amended complaint:

> 27.   <u>Throughout the Di Simone Employment Period,[1] Di</u>
> <u>Simone typically worked five (5) days per week from</u>
> <u>approximately 6:45 am to between 4:00 pm and 4:30 pm for</u>
> <u>a total of between forty-six and one-quarter (46.25) and</u>
> <u>forty-eight and three-quarters (48.75) hours, and sometimes</u>
> <u>more.</u> In the morning he was required to report to the Central
> Office of CN Plumbing, located at 59-41 Linden Street,
> Ridgewood, New York (the "Central Office") at approximately
> 6:45 am to load large tools, machinery and materials that
> were stored at the Central Office into trucks for the day's
> work. Loading the trucks in the morning took between fifteen
> (15) and twenty (20) minutes per day and started the
> continuous work day. In the afternoon, Di Simone was
> required to return to the Central Office to report on the tasks
> he had performed that day, make a list of tools and materials
> that he needed for the following day, and clean and unload
> the tools, machinery and trucks. Di Simone typically spent
> fifteen (15) to forty-five (45) minutes at the Central Office in
> the afternoons. Di Simone was never compensated for any
> time spent at the Central Office or traveling between the

---

[1] The Di Simone employment period is defined as August 15, 2005 – March 26, 2013 (Complaint ¶ 26).

108679.1 2/27/2014

Central Office and the job sites even though such time is compensable pursuant to the continuous work day.

(Amended Complaint ¶ 27 (footnote and emphasis added)).

In Paragraph 29 of the amended complaint Plaintiff alleges that

> Throughout the Di Simone Employment Period, Di Simone typically worked at construction job sites Monday to Friday, between approximately 7:00 am and 3:00 or 3:30 p.m., and sometimes later. At times, specifically at the Callen-Lorde project, he also worked weekend hours. His meal breaks typically lasted between fifteen (15) and thirty (30) minutes.

(Amended Complaint ¶ 29 (emphasis added)).

In Paragraph 30 Plaintiff alleges that:

> While Di Simone worked at the Callen-Lorde prevailing wage project, Defendants sometimes required Di Simone to spend up to approximately fifty (50) hours per week working at the job sites, not including the time spent at the Central Office or traveling between the Central Office and the job sites . . .

(Amended Complaint ¶ 30 (emphasis added)).

In Paragraphs 33-37 of the amended complaint Plaintiff alleges that

> 33.    Di Simone worked for Defendants at Bellevue Hospital for approximately six (6) months in or around 2008 and for approximately four (4) months in or around 2011, as a mechanical steam/sprinkler fitter. During this time, Di Simone often worked at the job site Monday through Friday approximately eight (8) hours per day, for a total of approximately forty-five and one-quarter (45.25) and forty-seven and three-quarters (47.75) hours per week. During weeks when Plaintiff did not work exclusively at Bellevue, he worked on other projects for CN Plumbing while working several days at Bellevue, and his total hours still typically exceeded forty (40) per week as described.

> 34.    Di Simone worked for Defendants at Bronx Psychiatric Hospital for approximately eight (8) months between 2008 and 2009 as a mechanical steam/sprinkler fitter. During this time, Di Simone often worked at the job site

<u>Monday through Friday approximately eight (8) hours per day, for a total of approximately forty-five and one-quarter (45.25) and forty-seven and three-quarters (47.75) hours per week.</u> During weeks when Plaintiff did not work exclusively at Bronx Psychiatric, he worked on other projects for CN Plumbing while working several days at Bronx Psychiatric, and his total hours still <u>typically</u> exceeded forty (40) per week as described.

35.    In or around 2010, Di Simone worked for Defendants at the Kings County Supreme Court for approximately seven (7) months, as a mechanical steam/sprinkler fitter. <u>Di Simone typically often [sic] at the job site Monday through Friday, approximately eight (8) hours per day, for a total of approximately forty-five and one-quarter (45.25) and forty-seven and three-quarters (47.75) hours per week</u>. During weeks when Plaintiff did not work exclusively at Kings County Supreme Court, he worked on other projects for CN Plumbing while working several days at Kings County Supreme Court, and his total hours still <u>typically</u> exceeded forty (40) per week as described.

36.    In or around 2011, Di Simone worked for Defendants at Callen-Lorde for approximately four (4) months as a mechanical steam/sprinkler fitter. Di Simone <u>typically worked</u> Monday through Friday, between approximately eight and ten (8 - 10) hours per day at the job site, and <u>sometimes</u> worked on the weekends as well, for a total of between forty-five and one-quarter (45.25) and fifty-seven and three-quarters (57.75) hours per week.

37.    In or around 2011, Di Simone worked for Defendants at Johnson Center for approximately one (1) month as a steamfitter. <u>During this time, Di Simone often worked at the job site Monday through Friday approximately eight (8) hours per day, for a total of approximately forty-six and one quarter (46.25) and forty-eight and three quarters (48.75) hours per week.</u> When Plaintiff did not work exclusively at Johnson Center, he worked on other projects for CN Plumbing while working several days at Johnson Center, and his total hours <u>typically</u> exceeded forty (40) per week as described.

(Amended Complaint ¶¶ 33-37 (emphasis added)).

Plaintiff also asserts that CN Plumbing engaged in some kind of "kickback" scheme in which he was presented with the correct wages, deposited same and then was required to return the money to CN Plumbing. Plaintiff also seeks to hold the Pen Enterprises Defendants responsible for this conduct as well (Amended Complaint ¶ 63-65), but does not allege what role, if any, Pen Enterprises or its officers had in taking any money away from Plaintiff.

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT SHOULD BE REJECTED AS IT IS BOTH INCONSISTENT WITH THE ORIGINAL COMPLAINT AND INTERNALLY INCONSISTENT

In response to the Pen Enterprises Defendants' January 14, 2014 pre-motion letter regarding dismissal of his original complaint, Plaintiff amended his pleadings. In doing so, however, he appears to have pled a new set of contradictory facts. For example, Paragraphs 27 of the original and amended complaint are pled as follows:

| Original Complaint ¶ 27 | Amended Complaint ¶ 27 |
|---|---|
| "Throughout the Di Simone Employment Period, Di Simone typically worked Monday to Friday, approximately eight (8) hours each day, for a total of approximately forty (40) hours per week." | "Throughout the Di Simone Employment Period Di Simone typically worked five (5) days per week from approximately 6:45 a.m. to between 4:00 pm and 4:30 pm for a total of between forty-six and one-quarter (46.25) and forty-eight and three quarters (48.75) hours and sometime more." |

Thus, while Plaintiff stated in his original complaint that he "typically worked" 40 hours per week he now asserts that he "typically worked" between 46.25 and 48.75 hours per week. Obviously, there would be no overtime violations if Plaintiff only worked

108679.1 2/27/2014

40 hours per week. Five months later Plaintiff has apparently a "better recollection: of his work hours years ago. Such inconsistent pleading should not be and has not been tolerated by the courts.

"Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendants['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint as true." Colliton v. Cravath, Swaine & Moore LLP, 2008 U.S. Dist. LEXIS 74388, *19 (S.D.N.Y. 2008) quoting Wallace v. New York City Dep't of Corr., 1996 WL 586797, *2 (E.D.N.Y. 1996); see also Price v. Socialist People's Libyan Arab Jamahiriya, 389 F.3d 192 (D.C. Cir. 2004) ("Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendants['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint."); Kilkenny v. Law Office of Cushner & Garvey, L.L.P., 2012 WL 1638326, *5 (S.D.N.Y. 2012) ("There is authority supporting the notion that a court may disregard amended pleadings when they directly contradict facts that have been alleged in prior pleadings."); Williams v. Black Entm't TV, 2014 U.S. Dist. LEXIS 19097, *17-18 (E.D.N.Y. 2014)

Plaintiff first claimed he typically worked 40 hours per week. Now he claims he typically worked more than 46 hours per week. These are clearly inconsistent allegations.

Not only does the amended complaint contradict the original complaint, but it is internally inconsistent as well. For example, in Paragraph 33 of the amended complaint Plaintiff states that with regard to his work at Bellevue Hospital:

9

> During this time, Di Simone often worked at the job site
> Monday through Friday approximately eight (8) hours per
> day, for a total of approximately forty-five and one-quarter
> (45.25) and forty-seven and three-quarters (47.75) hours per
> week.

Amended Complaint ¶ 33)

If, as alleged, Plaintiff worked at the job site Monday - Friday for 8 hours a day

that would amount to 40 hours, not 45.25 – 47.25 hours.

Similarly in Paragraph 34 of the amended complaint plaintiff alleges that at the

Bronx Psychiatric Hospital:

> . . . Di Simone often worked at the job site Monday through
> Friday approximately eight (8) hours per day, for a total of
> approximately forty-five and one-quarter (45.25) and forty-
> seven and three-quarters (47.75) hours per week.

(Amended Complaint ¶ 34).  Again, five days at 8 hours per day amounts to 40 hours

and no more.

The same inconsistent allegations are set forth in Paragraphs 35 and 37 of the

amended complaint.

If Plaintiff does not know how many hours he worked and in fact contradicts

himself repeatedly, then clearly he has failed to set forth any plausible claim under the

FLSA.  See Roseville Employees' Retirement v. Energysolutions, 2011 WL 4527328,

(S.D.N.Y. 2011) ("the Second Amended Complaint's conclusion . . . is not plausible

because it is contradicted by the document on which the plaintiffs rely"); Rieger v.

Drabinsky (In re Livent, Inc.), 151 F. Supp. 2d 371, 405-406 (S.D.N.Y. 2001) ("[A] court

need not feel constrained to accept as truth conflicting pleadings that make no sense, or

that would render a claim incoherent or that are contradicted either by statements in the

complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."); National Western Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 175 F. Supp. 2d 489, 492 (S.D.N.Y 2000) ("In this Court's reading, while the Rule 8(e)(2) clearly allows pleading of inconsistent theories or statements of a claim, there is no authority for the proposition that within a statement of a given claim a party may assert as fact two assertions that directly contradict each other. Such clashing factual assertions, stated in the context of the same claim rather than as conceptually distinct alternative theories of liability, may be deemed judicial admissions."); Aetna Cas.. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 585 (2d Cir. 2005) (a party may not plead inconsistent statements where the allegations are at odds with each other when trying to make out the elements of an individual claim).

Plaintiff's willingness to play loose with the facts is troubling.[2] In any case, in light of the numerous inconsistencies and contradictions, Plaintiff's claims are not plausible and therefore should be dismissed.

### POINT II

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE FLSA OR LABOR LAW

Not only is the amended complaint (a) contradictory with the original complaint and (b) inconsistent with itself, it also still fails to assert a plausible claim under the FLSA and New York Labor Law.  As such, it must be dismissed.

As the Second Circuit recently explained, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as

---

[2] The case is even more troubling than it appears at first blush. It is undisputed that after this litigation was commenced, CN Plumbing provided its payroll records to the various parties.

11

some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) citing 29 U.S.C. § 207(a)(1); see Cromwell v. NYC Health & Hosp. Corp., 2013 U.S. Dist. LEXIS 69414, *8 (S.D.N.Y. 2013) ("to state a claim under the FLSA, a complaint must state more than vague legal conclusions."). In Lundy, the Second Circuit held that the plaintiffs had failed to plead facts sufficient to support a plausible claim of a violation of the FLSA because they failed to allege "a single workweek" in which they worked time in excess of 40 hours without compensation. 711 F.3d at 114. Rather, the plaintiffs there had alleged only that they "typically" worked a given number of hours, or "occasionally" worked an extra shift, or "approximately twice per month" worked a certain number of shifts. The Second Circuit stated that such allegations "invited speculation [that] does not amount to a plausible claim under FLSA." Id. at 115.

Similarly, in Cromwell, supra, the court dismissed FLSA claims that it found were too speculative.

> The Amended Complaint does not ... allege precisely when, or at what point during his 21 years of employment, [plaintiff] worked more than 40 hours . . . [and] the Amended Complaint does not point to any particular workweek within the limitations period during which [plaintiff] worked uncompensated time more than 40 hours. The Amended Complaint thus is deficient for the same reason that the allegations as to [why the plaintiff] in Lundy failed to state a claim. The estimates and approximations here invite the same sort of speculation that the Second Circuit held "does not amount to a plausible claim under FLSA."

Cromwell, 2013 U.S. Dist. LEXIS 69414 at *8 citing Lundy, 711 F.3d at 115; see Walz v. 44 & X, 2012 U.S. Dist. LEXIS 161382, *11 (S.D.N.Y. 2012) (finding that simply stating Plaintiffs were not paid for overtime work does not sufficiently allege a wage and hour violation); Boutros v. JTC Painting and Decorating 2013 U.S. Dist. LEXIS 148323, *5

108679.1 2/27/2014

(S.D.N.Y. 2013) ("[Lundy] held that plaintiffs bringing a FLSA overtime claim must allege not merely that they typically worked unpaid overtime, but must specify at least one week in which they worked overtime hours but were not paid overtime").

Lundy's requirements were recently reaffirmed by the Second Circuit in Nakahata v. New York-Presbyterian Health Sys. Inc., 723 F.3d 192 (2d Cir. 2013), where the plaintiffs alleged that they were not paid for work during meal breaks, training sessions and extra shift time, and thus worked unpaid overtime. In affirming dismissal, the Second Circuit held that the hospital workers' complaint lacked the requisite "specificity" required under the law.  "To plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Id. at 201.  Similarly, in Dejesus v. HF Mgmt. Servs. LLC, 726 F.3d 85, 88 (2d Cir. 2013), the Second Circuit upheld the dismissal of a claim under the FLSA and N.Y. Labor Law because the complaint "did not plausibly allege that [Plaintiff] worked overtime without proper compensation."

Here, as in Lundy and Cromwell, the Plaintiff has failed to articulate in his lengthy amended complaint any particular workweek in which he worked overtime. Indeed, despite submitting a 78 paragraph, 20 page amended complaint there is not one specific week in which Plaintiff alleges he was not paid overtime. For example, the amended complaint usually uses such language such as:

- Throughout his employment Di Simone "typically worked" five days per week from approximately 6:45 am to between 4:00 pm and 4:30 pm . . . "(Amended Complaint ¶ 27 (emphasis added)).

- Di Simone "was typically required to report to Central Office one (1) morning per week"(Amended Complaint ¶ 28 (emphasis added)).

108679.1 2/27/2014

- Throughout his employment Di Simone "typically worked at construction job sites Monday to Friday between approximately 7:00 a.m. and 3:00 or 3:30 p.m. and sometimes later. (Amended Complaint ¶ 29, (emphasis added)).

- "While Di Simone worked at the Callen-Lorde prevailing wage project, Defendants sometimes required Di Simone to spend up to approximately fifty (50) hours per week working at the job sites . . ." (Amended Complaint ¶ 30 (emphasis added)).

- "[I]n or around 2008" at Bellevue Hospital "Di Simone often worked at the job site Monday through Friday approximately eight (8) hours per day, for a total of approximately forty-five and one-quarter (45.25) and forty-seven and three-quarters (47.75) hours per week. (Amended Complaint ¶ 33 (emphasis added)).

- In 2008 and 2009 at Bronx Psychiatric Hospital "Di Simone often worked at the job site Monday through Friday approximately eight (8) hours per day, for a total of approximately forty-five and one-quarter (45.25) and forty-seven and three-quarters (47.75) hours per week. (Amended Complaint ¶ 34 (emphasis added)).

- In or around 2010, at the Kings County Supreme Court Di Simone typically [sic] often at the job site Monday through Friday, approximately eight (8) hours per day, for a total of approximately forty-five and one-quarter (45.25) and forty-seven and three-quarters (47.75) hours per week.  (Amended Complaint ¶ 35 (emphasis added)).

- "In or around 2011, Di Simone worked for Defendants at Callen-Lorde for approximately four (4) months as a mechanical steam/sprinkler fitter. Di Simone typically worked Monday through Friday, between approximately eight and ten (8 - 10) hours per day at the job site, and sometimes worked on the weekends as well, for a total of between forty-five and one-quarter (45.25) and fifty-seven and three-quarters (57.75) hours per week. (Amended Complaint ¶ 36 (emphasis added)).

- In or around 2011, Di Simone worked for Defendants at Johnson Center for approximately one (1) month as a steamfitter. During this time, Di Simone often worked at the job site Monday through Friday approximately eight (8) hours per day, for a total of approximately forty-six and one quarter (46.25) and forty-eight and three quarters (48.75) hours per week. When Plaintiff did not work exclusively at Johnson Center, he worked on other projects for CN Plumbing while working several days at Johnson Center, and his total hours typically exceeded forty (40) per week as described. (¶ 37 (emphasis added)).

These allegations are not only inconsistent with the original complaint and inconsistent among themselves, but they are the exactly kind of pleadings the court in

108679.1 2/27/2014

Lundy found to be improper. There, as here, the plaintiffs alleged the hours they "typically worked." Plaintiff here has had two chances to state a viable FLSA claim. He has failed to do so. Accordingly, the amended complaint should be dismissed.

Plaintiff's failure to adequately plead an overtime violation under the FLSA also requires dismissal of his New York State Labor Law claims as the same plausibility standard would apply here. See, e.g., Dejesus v. HF Mgmt. Servs. LLC, 726 F.3d 85 (2d Cir. 2013) (FLSA and NYLL claims dismissed in light of Plaintiff's failure to plead plausible claim); Oram v. Soulcycle, No. 2013 WL 5797346 (S.D. N.Y. Oct. 28, 2013). Further, the fourth cause of action, alleged illegal kickbacks, has nothing to do with the Pen Defendants as this alleged scheme was between Plaintiff and CN Plumbing. No involvement by the Pen Defendants in this scheme is pled (Amended Comp. ¶¶ 60-63).

Finally, if the federal FLSA claims are dismissed, then this entire matter should be dismissed as well. "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); Krzykowski v. Town of Coeymans, No. 06CV835, 2008 WL 5113784, at *7 (N.D.N.Y. Nov. 25, 2008); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966).

## POINT III

### THE COMPLAINT FAILS TO PROPERLY PLEAD
### A BREACH OF CONTRACT CLAIM

Not only has plaintiff failed to properly plead a viable claim under the FLSA and New York Labor Law, but his breach of contract fares no better. Here Plaintiff alleges that he is a third party beneficiary, but never identifies the specific contract or contracts at issue. (See Amended Complaint ¶¶ 21-24). Nor is it clear that he was an intended beneficiary of any contract. Courts require greater specificity in such cases.

A party asserting rights as a third-party beneficiary must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." State of Cal. Pub. Emps. Ret. Sys. v. Shearman & Sterling, 95 N.Y.2d 427, 434-35 (1983).

In Lopez v. Acme American Environmental, 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. 2012), the plaintiffs brought a third party beneficiary claim against the defendant for failure to pay prevailing wages and supplements. The court dismissed the complaint noting that the plaintiffs had failed to set forth specific allegations relating to the alleged contracts:

> Here, Plaintiffs claim they are third-party beneficiaries to public works contracts. Specifically, they claim that "Defendants contracted with public agencies" and that they "are entitled to recover from Defendants the difference between the rate that they were paid to perform work under these contracts and the prevailing wage rate." (Compl. ¶ 104, 107). Plaintiffs neither specify the Defendants who contracted with public agencies nor make any specific allegations regarding the content or existence of these contracts. Therefore, these threadbare allegations do not plausibly state a claim. Iqbal, 556 U.S. at 662.

Lopez, 2012 U.S. Dist. LEXIS 173290 at *17.

In this case, Plaintiff has merely set forth locations of work he performed. No specific contracts are identified or annexed to the complaint. Absent specific information about the contracts themselves, the complaint must be dismissed. See Sedona Corp. v. Ladenburg Thalman & Co, Inc., 2011 WL 4348138 * 6 (S.D.N.Y. 2011)

16

(breach of contract claim was dismissed whereon contracts between plaintiffs and defendants was identified).

## POINT IV

### THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT OR QUANTUM MERUIT

The claims for quantum meriut and unjust enrichment should also be dismissed.

First, "quantum meruit and unjust enrichment are not separate causes of action" Mid-Hudson Catskill Ministry v. Fine Host, 418 F.3d 168, 175 (2d Cir. 2005); accord Ciamara Corp. v. Widealab 2013 U.S. Dist. LEXIS 171703, *9 (S.D.N.Y. 2013) ("Under New York law, quantum meruit and unjust enrichment claims may be analyzed in tandem as a single quasi-contract claim.").

Moreover, New York law does not permit recovery in quantum meruit if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim. Mid Hudson, 418 F.3d at 175 citing Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co., 70 N.Y.2d 382, 388 (1987). Thus, here, if Plaintiff's contract claims were to survive in any form, his common law claims of unjust enrichment and quantum meruit would have to be dismissed.

Finally, in order to succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Diesel Props S.R.L. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 55 (2d Cir. 2011).

Plaintiff does not make clear how the Pen Enterprises Defendants would have been unjustly enriched. While Plaintiff alleges that Defendants failed to pay him the appropriate prevailing wage rates and were unjustly enriched (Complaint ¶ 75), this is broadly speculative especially as Pen Enterprises was merely the prime contractor and did not directly pay Plaintiff any of his wages. (Complaint ¶ 21). Thus, it is unclear how the Pen Enterprises Defendants were unjustly enriched or retained anything that properly belonged to Plaintiff. Rather, CN Plumbing, the entity that actually paid Plaintiff would be the sole proper defendant for any such claim.

## POINT V

### STATE LAW PREDOMINATES OVER THE FEDERAL CLAIMS

As it is apparent from the amended complaint, state law issues clearly predominate over federal claims. Under these circumstances, the Court should defer this matter to the state courts.

A very similar situation was recently addressed by Magistrate Judge Mann in Igene v. Miracle Security, 2013 U.S. Dist. LEXIS 143015 (E.D.N.Y. 2013). In that case the plaintiff brought a putative class action alleging that she and others were not paid prevailing wage on certain projects. Other claims of failure to pay overtime were also alleged. Judge Mann, in light of the Second Circuit's recent decision in Carver v. Nassau Cnty. Interim Fin. Auth., 730 F.3d 150 (2d Cir. 2013), raised sua sponte, the issue that the state law prevailing wage law claims might predominate over the federal claims and therefore the matter may belong in state court. Judge Mann questioned whether, in light of Carver, the federal litigation should be stayed and the state court issues should be resolved by a state court:

18

> Undoubtedly, this case raises a novel and complex issue of state law — and one that predominates over the federal claims in this action. From the outset of this case, the undersigned magistrate judge has questioned the wisdom of having a federal court decide, in the absence of any state court authority on the issue, what type of worker is entitled to prevailing wages under New York law. A very recent intervening opinion by the Court of Appeals for the Second Circuit casts further doubt on the propriety of a federal court's adjudication of this state law issue. In Carver v. Nassau County Interim Finance Authority, an opinion authored by Judge Korman (sitting by designation), the Second Circuit held that the district court had abused its discretion in exercising supplemental jurisdiction over a state law claim. *See* — F.3d —, 2013 WL 5289050 (2d Cir. Sept. 27, 2013). Carver involved a claim that presented "an unresolved question of state law and ... exceptional circumstances which provide[d] compelling reasons for declining jurisdiction." See id. at *2. The Second Circuit found that the interpretation of the state statute at issue "implicated an important element of [a government agency's] oversight responsibility and its ability to carry out its purposes[.]" See id. at *3.

Id. at *12 (footnotes omitted). Igene settled before any further decisions were issued.

As in Igene, the state law claims at issue in this case largely predominate over the federal claims. Moreover, there are novel state law issues that need to be decided. For example, Plaintiff is seeking to hold the Pen Enterprises Defendants responsible for monies owed despite the fact that Plaintiff does not dispute that, at least in some instances, he received the proper wages from his employer and then "kicked back" the monies to CN Plumbing. It is unclear how Pen Enterprises, the primary contractor, can be liable for monies owed under these circumstances, but in any case, this novel issue is one best left for state court adjudication.

Moreover, there are issues as to what the proper rate of pay was during the relevant time period. Different prevailing rates apply depending on the kind of work that

108679.1 2/27/2014

is performed. There are rates for steamfitters, plumbers, laborers, etc. Again, these are state court issues that should be deferred to the state court. Under these circumstances, the case should be heard in state court.

## CONCLUSION

For all of the foregoing reasons, the amended complaint should be dismissed in its entirety.

Dated:     Garden City, New York
           February 28, 2014

Mark N. Reinharz (MR 6201)
BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants *Pen Enterprises, Inc.,*
*Esther Ettedgui and Philip Ettedgui*
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6320
mreinharz@bsk.com

20

108679.1 2/27/2014

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Brent E. Pelton, Esq.
PELTON & ASSOCIATES PC
111 Broadway, Suite 1503
New York, New York  10006

Nils C. Shillito, Esq.
Stephen D. Hans & Associates, P.C.
45-18 Court Square, Suite 403
Long Island City, New York  11101

Mark N. Reinharz (MR6201)
BOND, SCHOENECK & KING, PLLC
*Attorneys for Defendants Pen Enterprises, Inc.,*
*Esther Ettedgui and Philip Ettedgui*
1010 Franklin Avenue, Suite 200
Garden City, New York  11530
(516) 267-6300; hmiller@bsk.com